ALLEN *v.* CLARK COUNTY.

Opinion delivered June 23, 1913.

COUNTIES—COUNTY CLERK—FEES.—Where the tax books were partially made out by the county clerk then in office, and completed by his successor in office, in a controversy between the two as to the division of the fees for the work; *held,* the county is only bound to the payment for the tax books, and where the county clerk, who delivered the tax books to the collector is satisfied with the fees as apportioned by the court, the former clerk will not be heard to complain.

Appeal from Clark Circuit Court; *Jacob M. Carter,* Judge; affirmed.

STATEMENT BY THE COURT.

Appellant, while county clerk of Clark County, and before his term expired and his successor, appellee, was inducted into office on October 31, 1912, began to make up the tax books for the year, and presented a claim for $914.10 against the county for work done thereon, itemizing it. Appellee, Williams, succeeding to the office, made the tax books, or rather completed and delivered them to the collector and presented his claim to the county court for fees due therefor, showing the whole

amount of the work done at the rate prescribed by law to be $1,069.90, of which he claimed to have done three-eighths, of the value of $401.19, which was deducted from the whole amount, leaving $668.71, which he designated on his account as the "balance due Allen, the former clerk." The county court heard testimony in the case, and decided that the amount due for making the tax books was $1,069.90, and allowed Williams' claim for three-eighths thereof, $401.19, and Allen's, for only $668.71, the remainder. Allen appealed from the allowance of Williams's claim, and from the judgment allowing a portion only of his account to the circuit court, where the cases were consolidated. Upon trial there, the court rendered the same judgment as was rendered by the county court, and ordered and adjudged that the clerk of the county court issue a warrant in favor of each of said parties for the amount of his claim as adjudged, and gave judgment against Allen for costs. From this judgment, Allen brings this appeal.

*John H. Crawford,* for appellant.

1. This case should have been tried on the common-sense construction of the statute fixing the fees for the work of making up the tax books, that is, that the outgoing and incoming clerk, out of the total amount allowed for the work, should be paid a proportionate share thereof, based upon the number of words and figures actually carried into the books. This follows from the doctrine of *quantum meruit.* Kirby's Dig., § 3494, subdiv. 4. "The laborer is worthy of his hire." Luke 10:7.

2. Under the proof, Williams is not entitled to the amount claimed by him. Constructive fees are not allowed by law. Kirby's Dig., § 1458. See also Kirby's Dig., § 3494, subdiv. 4; 25 Ark. 235; 31 Ark. 266; 32 Ark. 45; 44 Ark. 31; 57 Ark. 487; 85 Ark. 385; 47 Ark. 442, 443; 50 Ark. 431; 55 Ark. 387; 57 Ark. 565; 73 Ark. 600.

*McMillan & McMillan,* for appellee.

1. The only question really before the court on appeal is, whether the judgment of the trial court is right

on the whole record. 6 Ark. 436; 7 Ark. 238; 100 Ark. 175.

2. There was nothing owing by the county to any one until the completed tax books were delivered to the collector. The law provides one compensation, or rather one rate of compensation, for all the duties of the clerk in making up these books, when they have all been completed. See Kirby's Dig., § § 7018, 7020, 7021, 7022, 7026, 7027, 7031, as to the various duties of the clerk in making up the tax books. See also, 66 Ark. 91; 25 Ark. 235.

KIRBY, J., (after stating the facts). The law contemplates that the county shall pay the fees for making the tax books to the county clerk who makes and delivers them to the collector as required by law, and does not contemplate that it shall pay more than the fees allowed for the service. Kirby's Digest, § § 3494-5 and 7018-7026.

It is not necessary to determine whether the tax books of the county for the year 1912 could be made and delivered by the clerk whose term expired on October 31, of the year, since it is not claimed that he completed and delivered the tax books to the collector. The appellee, Williams, completed the tax books upon going into office, and delivered them to the collector, as required by law, and in his claim of fees for the service, conceded five-eighths of the value thereof to appellant, his predecessor. The county is only bound to the payment for the tax books, and since appellee, who made and delivered them to the collector, is satisfied with the division of the fees therefor, as adjudged by the court, it has no cause for complaint.

No error was committed in rendering the judgment, and it is affirmed.